IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IKE J. EASLEY, #N-21627,           )
                                   )
          Plaintiff,               )
                                   )
vs.                                )   CASE NO. 11-cv-078-MJR
                                   )
GLADYSE C. TAYLOR and              )
MICHAEL V. NEAL                    )
                                   )
          Defendants.              )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] The complaint form indicates that Plaintiff Easley is proceeding pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and that "gross negligence" and various constitutional violations are alleged. *See* Doc. 1, pp. 1, 6 and 8. The FTCA is the mechanism by which tort claims are asserted against federal employees, and such an action must be brought against the United States. *See Jackson v. Kotter*. 541 F.3d 688, 693 (7th Cir. 2008). Therefore, the complaint could be dismissed outright. However, because Plaintiff is pro se and a state prisoner, and both defendants are state prison officials, the complaint is construed as bringing claims pursuant to 28 U.S.C. § 1983, which is applicable to state prisoners bringing constitutional claims.

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff was housed at Menard Correctional Center, and on August 24, 1998, was transferred to Tamms Correctional Center after Defendant Neal conspired with Welborn, Page and Cowan (who are not parties to this action) to transfer Plaintiff to Tamms in retaliation for filing a civil suit against another individual, in what is only identified as Case No. 95-857-CJP.

While at Tamms, Plaintiff was subjected to Tamms prison officials "messing with" his mail.[2] Further, in a statement about "trying to use the process of the law," Plaintiff mentions that his food is laced with psychotropic drugs, which he involuntarily ingests. Plaintiff is also denied visits from his friend, Nancy Meyer, because she is "a white girl seeing a black prisoner they hate."

**Discussion:**

---

[2] Plaintiff does not elaborate on the phrase "messing with" his mail, and the Court will not assume to know what he means to communicate.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Defendant Taylor:**

As a preliminary matter, before addressing the specific claims in the complaint, Defendant Taylor's status must be addressed. Though Defendant Taylor is named in the caption of the complaint, Taylor is not mentioned elsewhere in Plaintiff's complaint. A plaintiff is required to associate a specific defendant with a specific claim so the defendant is put on notice of the claim and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not named Defendant Taylor elsewhere in the complaint, Taylor cannot be said to be adequately put on notice of the claims against her. For this reason, Defendant Taylor is dismissed from this action without prejudice.

**Count 1: Transfer**

Plaintiff claims that Defendant Neal transferred him to Tamms in retaliation for filing law suits against other individuals. Generally, prisoners have no constitutionally protected liberty interest in remaining in a particular institution within the state prison system. *Meacham v. Fano*, 427 U.S. 215, 223-225 (1976); *Calewell v. Miller*, 790 F.2d 589, 602 (7th Cir. 1986). A protected liberty interest in remaining in a particular institution is created where a State puts substantive limitations on prison officials' discretion to transfer. Where an official is not required to consider specified criteria as set out by the State, and instead maintains control over the decision to transfer or not, no liberty interest has been created. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). The Seventh Circuit has already spoken to the issue, stating that Illinois has not created a liberty interest in being free from transfer. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995)(A prisoner has no due process right to be housed in any particular facility).

Plaintiff falls within the class of plaintiffs in *Westefer v. Snyder,* 725 F.Supp.2d 735 (S.D.Ill.2010), *appeal docketed,* No. 10–2957 (7th Cir. Aug. 20, 2010) (inmates transferred to Tamms since Jan. 1, 1998) who were ordered by this Court to be provided with a Transfer Review Hearing within the deadlines set out in the order entered on July 20, 2010. *Westefer,* 725 F.Supp.2d at 793–95. As such, Plaintiff's procedural due process claims in the instant action were fully addressed in *Westefer,* and are barred by the doctrine of *res judicata,* or claim preclusion. As the Seventh Circuit has explained, *"[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Maher v. F.D.I.C.,* 441 F.3d 522, 526 (7th Cir.2006) (quoting *Hamdan v. Gonzales,* 425 F.3d 1051, 1059 (7th Cir.2005)). The final judgment in a class action is likewise *res judicata* to any subsequent

action brought by a member of the class. "If the unnamed members of the class have received constitutionally adequate representation, then the judgment in the class action will resolve their claims, win or lose." *Spano v. The Boeing Co.,* Nos. 09–3001, 09–3118, 2011 WL 183974, at *8 (7th Cir., Jan.21, 2011) (citing *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 880, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984)).

If it has not already been completed as ordered in July 2010, Plaintiff will receive his due process hearing pursuant to the *Westefer* injunction. The *Westefer* plaintiff class was denied declaratory relief, which disposes of any such claim Plaintiff may be seeking here. To the extent that Plaintiff may be requesting damages..., the Defendants would be entitled to qualified immunity. *Westefer,* 725 F.Supp.2d at 740. Therefore, Plaintiff's due process claim must be dismissed with prejudice on the basis of *res judicata.*

Although the due process aspect of Plaintiff's transfer must be dismissed, if the transfer occurred in retaliation for the exercise of a constitutionally protected right, then it is actionable under §1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*discussing Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995)(retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a

5

motivating factor" in Defendant Neal's decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss this retaliation claim at this time.

**Count 2: Mail**

Plaintiff vaguely alleges that officials at Tamms are "messing with" his mail (Doc. 1 p. 7). Plaintiff does not elaborate on what he means by this statement, and does not specify any defendant who may have committed a constitutional violation involving his mail. "The purpose of withholding personal mail is to make punitive isolation unpleasant, and thereby discourage improper behavior and promote security within the prison." *Little v. Norris*, 787 F.2d 1241, 1243-44 (8th Cir. 1986). Further, the Seventh Circuit has specifically upheld the denials of access to mail in certain circumstances. *See Wells v. Franzen*, 777 F.2d 1258, 1265 (7th Cir. 1985) (prisoner on suicide watch was denied mail). It's unclear at this point whether Plaintiff's mail is being "messed with" in violation of his constitutional rights, and who may be responsible for that violation, as he does not name any specific defendants alleged to be responsible for the actions. For these reasons, this count is dismissed without prejudice.

**Count 3: Psychotropic drugs**

Plaintiff next mentions that he is being involuntarily fed psychotropic drugs through the prison food. In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Id.* at 221-22. However, the "Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's

medical interest." *Id.* at 227. *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001); *Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993). Therefore, out of an overabundance of caution the Court construes this comment as a possible constitutional claim. In any event, Plaintiff has not named any specific defendants in connection with this allegation. This makes it difficult for the Court to ascertain whether Plaintiff has stated a claim upon which relief can be granted. For this reason, this count is dismissed without prejudice.

**Count 4: Visitors**

Plaintiff further alleges that Tamms administrators are denying him visits from Ms. Meyer. Prisoners do not have a fundamental right to visitation arising directly from the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 1909, *citing Hewitt v. Helms,* 459 U.S. 460 (1983). However, prison officials cannot, without violating the Equal Protection Clause of the Fourteenth Amendment, discriminate against an inmate in the granting or withholding of privileges based upon the inmate's race. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)(collecting cases). In addition, Plaintiff claims there was a retaliatory motive for denying visitation, which, as has been discussed, triggers protection under the First Amendment. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

Because Plaintiff has failed to name any defendants responsible for this alleged deprivation, this count is dismissed without prejudice.

7

**Disposition:**

**IT IS HEREBY ORDERED** that Defendant **TAYLOR** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Counts 2, 3 and 4 are **DISMISSED** without prejudice. Only Count 1 against Defendant Neal , regarding retaliatory transfer, remains.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **NEAL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed

a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 25, 2011**

**/s/ MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**